Argued and submitted October 1, 1998, reversed and remanded May 12, 1999

## MARVIN WOOD PRODUCTS,
*Petitioner,*

*v.*

## EMPLOYMENT DEPARTMENT
## and Ronald R. Buxton,
*Respondents.*

## (97-AB-2271; CA A100425)

981 P2d 380

Vera Langer argued the cause for petitioner. With her on the brief was Scheminske, Lyons & Bussman, LLP.

Jas. Adams, Assistant Attorney General, argued the cause for respondent Employment Department. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Landau, Presiding Judge, and Wollheim, Judge, and Rossman, Senior Judge.

WOLLHEIM, J.

## WOLLHEIM, J.

Employer seeks review of an Employment Appeals Board (EAB) decision granting claimant unemployment benefits. The EAB concluded that claimant did not commit a disqualifying act under ORS 657.176(9)(a).[1] We reverse and remand.

Claimant worked as a machine operator for employer. After personnel problems arose with claimant, employer offered claimant the option of signing a last chance agreement or face immediate discharge. Claimant signed the agreement in March 1996. One of the terms of the last chance agreement was that claimant would submit to random drug and alcohol testing for two years.

In May 1996, employer revised its general drug and alcohol policy. The revised policy prohibited all employees from reporting for work with any detectable level of alcohol in their systems. In addition, the revised policy prohibited any use of alcohol on company premises or on company time. The policy allowed employer to test all employees randomly for controlled substances, but alcohol was not defined as a controlled substance in the revised policy. In August 1997, claimant tested positive for alcohol. Employer discharged claimant the next day.

Claimant's subsequent application for unemployment benefits was denied. An administrative law judge (ALJ) reversed that determination, and the EAB affirmed the ALJ's decision. Relying on OAR 471-30-140,[2] the EAB concluded that employer did not have reasonable grounds to test

---

[1] ORS 657.176(9)(a) provides, in part:

"[A]n individual is considered to have committed a disqualifying act when the individual fails to comply with the terms and conditions of a reasonable policy established by the employer, which may include blanket, random, periodic and probable cause testing, that governs the use, sale, possession or effects of controlled substances or alcohol in the workplace."

[2] The rule is currently renumbered as OAR 471-030-0140 and provides, in part:

"(2) **Testing** - For purposes of ORS 657.176 an employer may require a breathalyzer, blood alcohol, or similar test of an employee if there are reasonable grounds to believe the employee is under the influence of alcohol."

claimant, and, therefore, claimant had not committed a disqualifying act under ORS 657.176(9). The EAB's determination was predicated, in part, on the following finding:

"(13) The employer's drug and alcohol policy further specified that the employer was entitled to test employees for drugs and alcohol at random, or in response to an accident or to suspicion of the presence of drugs or alcohol."

From that finding, the EAB reasoned:

"The employer had reasonable grounds for testing claimant for alcohol pursuant to the provisions of its own drug and alcohol policy, which allowed for random testing."

The EAB ultimately concluded, however, that the drug and alcohol policy was not reasonable for purposes of OAR 471-30-140 and found therefore that claimant did not commit a disqualifying act under ORS 657.176(9).

On review, the Employment Department concedes that there was no evidence in the record supporting the EAB's finding that employer's revised drug and alcohol policy allowed random alcohol testing. Employer's drug and alcohol policy did not allow for random alcohol testing; only the last chance agreement entered into between claimant and employer contained that provision.

The EAB's finding at issue here is therefore not supported by substantial evidence in the record. Because that finding was central to the EAB's conclusion that claimant did not commit a disqualifying act under ORS 657.176(9), we reverse and remand the order for further consideration.

Reversed and remanded for further consideration.